## *EX PARTE* YOUNG.

### *IN RE* BROWN v. YOUNG.

1. On exceptions to a homestead laid off by the sheriff as against certain judgments, the Circuit Judge properly sustained the homestead claim as against all the judgments except one, which was based upon a note antedating the Constitution of 1868, but he erred in vacating the return of the appraisers unless the excepted judgment was paid within a time specified.

2. This one excepted judgment creditor may enforce payment out of the homestead if he so elects. Whether he could be prevented by the other creditors from enforcing payment out of the other lands of the debtor, cannot arise in this proceeding.

3. A senior judgment without lien on the homestead cannot participate in the distribution of the proceeds of a sale of the homestead under a junior judgment having lien thereon.

Before NORTON, J., Laurens, September, 1887.

The order of the Circuit Judge was as follows:

The petititioners are the children of the judgment debtor, L. L. Young, who is dead. The judgment debtor left no widow, but other children, who are minors. The petition is in behalf of all the said children. As against the judgment of the judgment creditor, Edmonds T. Brown, the petition for the homestead must prevail. Testimony has been offered to show that the homestead set off is excessive. I am not satisfied that it is. The supposed excess is in the large dwelling, built before the emancipation of slaves, as a domicile on a large plantation. It cost much more than $1,000, and even in its dilapidated condition for such a purpose would be worth more. To the petitioners it is worth less— with the few acres set off to them—than a house half its size for obvious reasons. It is not, however, what it cost, nor what it would be worth under circumstances which no longer exist, nor yet what it is worth to the petitioners, that must govern, but what is its market value under the circumstances that now exist. This, I think, the appraisers have properly found.

George P. Copeland is a creditor of the deceased, L. L. Young, by judgment obtained against Jesse M. Young and him 4th March, 1880, based on a note dated 20th November, 1862. This creditor excepts to the allowance of homestead, and as to this judgment the homestead cannot be allowed.

It is therefore ordered, adjudged, and decreed, that upon the satisfaction within sixty days of the judgment of George P. Copeland against Jesse M. Young and L. L. Young, the return of the appraisers in homestead herein be confirmed and made the judgment of this court; but if the said judgment be not so paid within said time, then that the said return, and all the proceedings herein, be set aside and vacated without prejudice to the rights of petitioners to make application at some future time for homestead if they shall be so advised.

The homestead claimants appealed on the following exceptions:
I. Because his honor erred in holding that the petitioners should be required to pay the judgment of G. P. Copeland out of the

homestead property.   II.  He erred in not holding that the pro-
perty outside of the homestead should at least pay its *pro rata*
part of the said judgment.   III.  He erred in not holding that
the judgments against the estate should be paid according to their
rank, out of the land outside of the homestead, until it was ex-
hausted, before the homestead can be taken.   IV.  He erred in
allowing judgments junior to the Copeland judgment to force that
judgment on the homestead, which would be the effect if the heirs
or petitioners pay it, as required by the decree.

*Messrs. Holmes & Simpson,* for appellants.

*Mr. J. F. J. Caldwell,* contra.

October 9, 1888.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   The land of the deceased judgment
debtor, L. L. Young, having been levied on by the sheriff under
an execution issued to enforce a judgment recovered by the plain-
tiff, Brown, the petitioners, as the children of the judgment
debtor, claimed a homestead therein.   The homestead was laid
off out of a tract of land containing about 1,100 acres, belonging
to the estate of the judgment debtor, of one hundred and seventy-
three acres, embracing the residence.   The return of the apprais-
ers was duly filed in the proper office, and exceptions thereto
were duly filed by certain of the judgment creditors, to wit, the
Bank of Newberry, whose judgment was obtained June 11, 1879,
and G. P. Copeland, whose judgment was recovered February
24, 1886, on a note antedating the constitution of 1868.   The
other judgment creditors did not except.   The ground of the
Bank of Newberry's exception was that the land set off as a
homestead exceeded in value the amount allowed by law, and the
exceptions of the assignee of the Copeland judgment were based
upon two grounds : 1st.  Because the sheriff had no jurisdiction
to appoint appraisers to set off the homestead.   2nd.  Because
the cause of action upon which that judgment was obtained arose
prior to the adoption of the constitution.

The Circuit Judge found as matter of fact that the homestead
laid off was not excessive ; and seems to have concluded, as mat-

ter of law, that the claim of homestead was good and valid against all of the judgments except the one in favor of Copeland. Accordingly he adjudged and ordered that upon the satisfaction, within sixty days, of the Copeland judgment, the return of the appraisers in homestead be confirmed; but if said judgment be not satisfied within the time limited, then that said return be set aside and vacated, "without prejudice to the rights of petitioners to make application at some future time for homestead if they shall be so advised." From this judgment and order the petitioners alone appeal, upon the several grounds set out in the record, which, under the view we take of the case, need not be repeated here.

It seems to us that the only questions presented for the decision of the Circuit Judge were: 1st. Whether the petitioners were entitled to claim a homestead as against any or all of the judgments. 2nd. If so, whether the homestead assigned was excessive in value. For the point raised by the first exception filed by the assignee of the Copeland judgment appears to have been abandoned, and such is stated at the bar to have been the fact. At all events, that point was not passed upon or noticed by the Circuit Judge, and as there is no exception to his failure to do so, the point is not before us, and will not therefore be considered. When, therefore, the Circuit Judge determined, correctly, as we think, that the petitioners' claim of homestead was good and valid against all of the judgments except that of Copeland, and that the homestead assigned was not excessive in value, the case, as presented to him, was fully determined, and it was error on his part to go further and direct that, unless the Copeland judgment should be paid within the time specified, the return of the homestead appraisers should be set aside.

After it had, in effect, been adjudged that the lien of the Copeland judgment covered the whole of the land, as well that portion of it set off as a homestead as the balance, the question as to what steps should be taken to get rid of the lien upon the homestead, or as to what disposition was to be made of that judgment, was a question for the parties concerned and not for the court. If the owner of the Copeland judgment chooses to enforce such lien by a sale of that portion of the land laid off as a homestead,

we see nothing to prevent him from doing so; but if, on the other
hand, he prefers to resort to that portion of the land not em-
braced in the homestead, it will be time enough, when he attempts
to do so, to raise the question which has been argued here,
whether the other judgment creditors have any equity to force
him first to exhaust the homestead, upon which he alone has a
lien, before resorting to the balance of the land upon which they
all have a lien; but how such a question can arise under the
present proceeding we do not perceive. Whether there are any
other assets of the judgment debtor which can be subjected to
the payment of these judgments does not appear, and we do not
think that any case is made by the present proceeding which
would enable a court properly to determine as to the equities of
the parties.

It may be, that, in the end, it would be better for the petition-
ers to satisfy the Copeland judgment in order to relieve their
homestead from the lien of that judgment, but we are unable
to understand by what authority the court can order them to do
so, especially within a limited time. They may be able to make
some more satisfactory arrangement with the owner of the Cope-
land judgment, and they should not be deprived of the opportu-
nity of doing so.

The Bank of Newberry, holding the oldest judgment, has the
prior lien on all of the land outside of the homestead, and when
it is sold the bank would be entitled to be first paid out of the
proceeds of such sale. But it has no lien on the homestead, and
should it be sold under the Copeland judgment, it could have no
claim to participate in the proceeds of such sale; and we do not
therefore see what interest the bank has in throwing the Cope-
land judgment on the homestead. The holders of judgments
junior to the Copeland judgment may, possibly, have such an
interest, if the proceeds of the sale of the land outside of the home-
stead and the other assets of the judgment debtor, if there are
any, should prove to be insufficient for the payment of all the
judgments; but, as we have said, that is a question which cannot
arise under the present proceeding, and therefore we make no
ruling upon it.

The judgment of this court is, that the judgment and order of

the Circuit Court, as herein construed, be affirmed, except as to so much thereof as directs that the return of the homestead appraisers, and all proceedings therein, be set aside and vacated unless the Copeland judgment be satisfied within sixty days, and as to that, the judgment of this court is that it be reversed.